**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

_____

| | |
|---|---|
| **OLD DOMINION FREIGHT LINE, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE No. 1:18-CV-605** |
| ) | |
| **PATIO SITES, INC.** ) | |
| ) | |
| **Defendant.** ) | |

**COMPLAINT**

Plaintiff Old Dominion Freight Line, Inc. ("Old Dominion"), through counsel and for its Complaint against Defendant Patio Sites, Inc. ("Patio Sites"), alleges as follows:

**Jurisdiction and Venue**

1.      This is an action for the collection of freight charges due and owing under the tariffs of a federally regulated motor carrier, Old Dominion, the provisions of the Interstate Commerce Act, 49 U.S.C. §§10101 *et seq.*, and the federal regulations of the U.S. Department of Transportation, Surface Transportation Board.

2.      Old Dominion is a Virginia corporation with its principal place of business in Thomasville, North Carolina.  Old Dominion is a corporation qualified and authorized lawfully to transport freight as a for-hire motor carrier in intrastate, interstate, and foreign commerce between points and places in North America, and to provide transportation services.

-1-

3.      Patio Sites is a foreign corporation with its principal place of business in the State of California.  Patio Sites transacts business in and maintains at least minimum contacts with the Middle District of North Carolina.  Patio Sites ships and receives goods for itself, or for others, in intrastate and interstate commerce, including from and within the Middle District of North Carolina.

4.      This Court has subject matter jurisdiction if this action pursuant to 28 U.S.C. §1331 and §1337.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(c).

## Factual Allegations

6.      Old Dominion has provided transportation services requested or otherwise authorized by Patio Sites between April 4, 2017, and December 1, 2017, including transportation services for shipments moving to or from points within the Middle District of North Carolina (the "Transportation Services").

7.      The freight charges for the Transportation Services total $21,779.25 (the "Freight Charges").   A summary of the Freight Charges is attached to this Complaint and incorporated by reference as **Exhibit A**.

8.      The Transportation Services were provided to or for the benefit of Patio Sites pursuant to Bills of Lading that Patio Sites caused to be issued identifying Old Dominion as the carrier, Patio Sites' supplier as the shipper or consignor, Patio Sites' customer as the consignee, and Patio Sites as the party responsible for payment for Old Dominion's Transportation Services (the "Bills of Lading").   A representative sample of the Bills of Lading is attached to this Complaint and incorporated by reference as **Exhibit B**.

-2-

9.     Old Dominion's tariffs, rules, and classifications (together, the "Tariffs") are applicable to and governed the Transportation Services, were incorporated by reference in the Bills of Lading, and were available to Patio Sites upon request pursuant to the Interstate Commerce Act, 49 U.S.C. §14706(c)(1)(B).

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

11.     Old Dominion incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

12.     The Bills of Lading constitute contracts between Old Dominion and Patio Sites for the Transportation Services.

13.     Patio Sites failed to pay Old Dominion the Freight Charges for the Transportation Services provided by Old Dominion.

14.     Patio Sites has therefore breached the parties' agreement by failing to timely pay the Freight Charges.

15.     After applying all payments and credits to which Patio Sites is entitled, Patio Sites owes Old Dominion the sum of $21,779.25, which Patio Sites has failed to pay despite Old Dominion's demands.

16.     As a direct result of Patio Sites' breach of the parties' agreement, Old Dominion is entitled to a judgment against Patio Sites for $21,779.25, plus pre-judgment and post-judgment interest, costs, and attorney's fees as provided by Old Dominion's Tariffs and by law.

## SECOND CLAIM FOR RELIEF

### (Quantum Meruit)

17.     Old Dominion adopts by reference and incorporates in this Claim for Relief the preceding allegations of this Complaint not inconsistent with this Claim for Relief.

18.     Old Dominion provided the Transportation Services to and for the benefit of Patio Sites and at its request.

19.     Old Dominion reasonably expected to be paid by Patio Sites for the Transportation Services.

20.     With the knowledge that Old Dominion expected to be paid for the Transportation Services, the Transportation Services were accepted by Patio Sites, used and enjoyed by Patio Sites, and Patio Sites benefitted from the Transportation Services.

21.     The reasonable value of the Transportation Services is $21,779.25, after applying all payments and credits to which Patio Sites is entitled.

22.     Patio Sites has refused to pay for the Transportation Services despite Old Dominion's demands.

23.     It is inequitable for Patio Sites to receive the value of the Transportation Services without paying Old Dominion for them.

24.     Old Dominion is therefore entitled to a judgment against Patio Sites in the amount of not less than $21,779.25, plus prejudgment and post-judgment interest, costs, and attorney's fees as provided by Old Dominion's Tariffs and by law.

Wherefore, Plaintiff Old Dominion Freight Line, Inc. prays to the Court as follows:

1.      That it have and recover of Defendant Patio Sites, Inc. a judgment in the amount of $21,779.25, plus pre-judgment and post-judgment interest and attorney's fees;

2.      That the costs of this action be taxed to Defendant Patio Sites, Inc.; and

3.      For such other and further relief as to the Court seems just and proper.

This the 10 July 2018.


/s/ Andrew S. Lasine
Andrew S. Lasine
State Bar No. 10966
Attorney for Plaintiff Old Dominion
    Freight Line, Inc.
KEZIAH GATES LLP
P.O. Box 2608
High Point, North Carolina 27261
Telephone: (336) 889-6900
Facsimile: (336) 889-7055
Email: sam@keziahgates.com